UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:16-CR-96 JD

JEFFERY WILSON

## OPINION AND ORDER

Defendant Jefferey Wilson pleaded guilty to one count of bank robbery (18 U.S.C. § 2113(a)) and one count of brandishing a firearm during a crime of violence (18 U.S.C § 924(c)(1)(A)(ii)). (DE 84.) The Court sentenced him to 41 months of imprisonment for the bank robbery (in the middle of the guidelines range) and 84 months consecutive (the statutory minimum) for the brandishing count, for a total sentence of 125 months. Mr. Wilson has filed two motions asking for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. For the below reasons, the Court will deny both motions.[1]

### A. Background

In 2016, Mr. Wilson and two other defendants committed a violent bank robbery. They equipped themselves with masks, gloves, guns, extra ammunition, backpacks, and a stolen car. During the robbery, Mr. Wilson pointed an assault rifle at bank employees and customers while his associates jumped over the counter and stuffed cash into backpacks.

---

[1]Mr. Wilson filed his motions pro se. Mr. Wilson is not entitled to referral to counsel under General Order 2023-32 because his claims for relief do not turn on the retroactive provision of Amendment 821 to the United States Sentencing Guidelines. The Seventh Circuit has also made it clear that there is no right to counsel at public expense in § 3582 proceedings. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021).

Before committing these crimes, Mr. Wilson had been convicted of a felony residential burglary (Presentence Report, DE 108 ¶¶ 44–45) and a misdemeanor involving an armed home invasion (*id.* ¶¶ 46–47.) He had conduct issues while in custody (*id.* ¶¶ 45, 65) and multiple violations while on supervision after release from custody (*id.* ¶ 45).

### B. Legal Standard

As a preliminary matter, in support of his motion, Mr. Wilson invokes the First Step Act. Yet the First Step Act is inapplicable to Mr. Wilson because it seeks "to address the disparities between sentences for crack and powder cocaine," *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020), not the offenses for which Mr. Wilson was sentenced and convicted. Accordingly, the Court only need consider Mr. Wilson's requests for modifying his sentence under 18 U.S.C. § 3582(c)(1)(A).

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the BOP. 18 U.S.C. § 3582(c)(1)(A).

This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court,

in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what, if any, reduction to award the defendant. *Id.*

The policy statements to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present: (1) medical circumstances of the defendant, such as terminal illness, advanced dementia, or other debilitating conditions, or an outbreak of an infectious disease at the prison where the defendant is housed and the defendant is at an increased risk of suffering severe medical complications or death as a result; (2) advanced age of the defendant when he has served a significant period of his sentence; (3) family circumstances of the defendant, such as the death or incapacitation of the caregiver of the defendant's minor children, incapacitation of the defendant's spouse or parent, where the defendant would be the only available caregiver; (4) or the defendant was a victim of sexual or physical abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4).

The examples also include "other reasons," that is, where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" just listed, are similar in gravity to those circumstances. § 1B1.13(b)(5).

Finally, an unusually long sentence may be considered an extraordinary and compelling reason for an early release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6).

The defendant's rehabilitation is not, by itself, an extraordinary and compelling reason:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

§ 1B1.13(d).

### C. Discussion

Before a defendant's motion is adjudicated under § 3582(c)(1)(A), he "must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait '30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Yet in its response the United States has not invoked the statute's exhaustion requirement, thus forfeiting its benefit. *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)). Still, having reviewed Mr. Wilson's motion, the Court finds that he has not established an extraordinary and compelling reason for modifying his sentence.

In his first motion, Mr. Wilson claims to have "a lot of medical problems" but lists only two conditions: "I have High Blood pressure. I've caught H. Pylori[2] while being in prison from

---

[2] According to the Mayo Clinic website, H. pylori infection is a common infection of the stomach:

Helicobacter pylori (H. pylori) infection occurs when Helicobacter pylori (H. pylori) bacteria infect your stomach. This usually happens during childhood. A common cause of stomach ulcers (peptic ulcers), H. pylori infection may be present in more than half the people in the world.

Most people don't realize they have H. pylori infection because they never get sick from it. If you develop signs and symptoms of a peptic ulcer, your health care provider will probably test you for

4

the food or water by being contaminated." (DE 192.) In addition, Mr. Wilson claims that "the

Supreme Court is due away [sic] with the 924(c)" and that he lost his mom and brother while

incarcerated. He says he was 29 years-old when he "got locked up," and he will soon be turning

36. He requests one year off his sentence. (*Id*.)

Mr. Wilson's second motion is difficult to decipher. He restates his counts of conviction

and the sentences he received as well as his criminal history. He seems to suggest that his

sentence should be reviewed under U.S.S.G. § 2K2.1. (DE 196 at 1–2.)

The Court will address the latter motion first. To the extent that Mr. Wilson believes that

§ 2K2.1, and in particular subsection (b)(6)(B), applies to the brandishing count, he is wrong.

Mr. Wilson pleaded guilty to having violated § 924(c), and the Statutory Index provides that §

2K2.4 applies to this offense, not 2K2.1.[3] *See* U.S.S.G. Appendix A, 18 U.S.C. § 924(c). Section

2K2.1 is most frequently used for unlawful possession of a firearm convictions under 18 U.S.C.

§ 922 but Mr. Wilson was not convicted of that crime. Moreover, the minimum sentence of 84

months for brandishing a firearm during and in relation to a bank robbery, the sentence that Mr.

Wilson received, is mandated by § 924(c)(1)(A)(ii), so his reliance on the guidelines to lower

that sentence has no bearing in any case. In short, Mr. Wilson's argument is misplaced.

As for Mr. Wilson's first argument, he has not shown an extraordinary and compelling

reason for his early release. He submits that he has high blood pressure and that he has been

infected with H. Pylori bacteria but has submitted no documentation regarding his alleged

---

H. pylori infection. A peptic ulcer is a sore on the lining of the stomach (gastric ulcer) or the first
part of the small intestine (duodenal ulcer).

H. pylori infection is treated with antibiotics.

Mayo Clinic, Helicobacter pylori (H. pylori) infection, https://www.mayoclinic.org/diseases-conditions/h-
pylori/symptoms-causes/syc-20356171 (last visited June 7, 2024).

[3] Section 2K2.1 does apply to various other subsections of 18 U.S.C. § 924.

conditions, so the Court does not know their severity. Nor has Mr. Wilson alleged that these conditions are not being treated by the BOP. At any rate, high blood pressure and H. Pylori bacterial infection are not the kinds of conditions contemplated by § 1B1.13. Both are common conditions and treatments are readily available. Lacking further information indicating these are serious medical conditions for Mr. Wilson, the Court cannot conclude his medical risks amount to an extraordinary and compelling reason warranting release. *See e.g.*, *United States v. Melgarejo*, 2020 U.S. Dist. LEXIS 83157, 2020 WL 2395982, at *4 (C.D. Ill. May 12, 2020) ("The Court could find no cases where a defendant with hypertension and no comorbidities was granted relief under the compassionate release statute."). Next, while the Court sympathizes with Mr. Wilson's loss of his mom and brother, these tribulations are ordinary in a prison setting. Moreover, Mr. Wilson has not shown that the deaths of his mom and brother have created caretaking hardships on other persons closely related to Mr. Wilson that only he can help resolve. For all these reasons, Mr. Wilson has failed to show that an early release is warranted in his case.[4]

But even if Mr. Wilson had established extraordinary and compelling reasons for compassionate release, the Court would nevertheless deny the motion in light of the § 3553(a) factors which it must consider as part of its determination. Mr. Wilson's conviction stemmed from an incident in which he and two others robbed a bank in Osceola, Indiana, and stole over $17,000 in cash. He was armed with an assault rifle with an extended clip, loaded with thirty-one rounds, and one of his accomplices had a handgun. He pointed his weapon at bank employees and customers, forcing them to the ground and preventing them from interfering with the

---

[4] While Mr. Wilson suggests his offense of brandishing a weapon is not a crime of violence for purposes of § 924(c), the Court had addressed this argument in dismissing his motion under § 2255 (*see* DE 157), and there's no reason to rehash it.

robbery. Police located Mr. Wilson and his accomplices in a home shortly after the robbery, but he did not comply with their orders to leave the house for nearly forty-five minutes.

An armed bank robbery is a dangerous crime. It could have easily resulted in serious injury or death and likely traumatized the bank employees and customers who happened to be in the bank. Further, Mr. Wilson's refusal to comply with police orders could have led to a violent confrontation. As well, Mr. Wilson committed his offenses only months after he was released from jail on a different charge. The Court is aware of the hardships that Mr. Wilson must suffer as a result of being in the BOP's custody. Even so, the Court finds that the nature of his criminal conduct, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, as well as the importance of deterring armed bank robberies and protecting the public— among other § 3553(a) factors—outweigh any mitigating circumstances in favor of early release.

### D. Conclusion

For these reasons, the Court DENIES Mr. Wilson's motions for release or reduction in sentence (DE 192 & 196).

SO ORDERED.

ENTERED: June 11, 2024

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court